1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10  CALVIN ANDRE ANDERSON,

11                      Plaintiff,        CASE NO. 3:23-cv-05624-LK-GJL

                v.                        ORDER DECLINING TO SERVE
12

13  DEPARTMENT OF SOCIAL & HEALTH
    SERVICES,

14                      Defendant.

15

16        Plaintiff Calvin Andre Anderson, proceeding *pro se* and *in forma pauperis*, filed this civil

17  rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under

18  28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file

19  an amended pleading by September 8, 2023, to cure the deficiencies identified herein.

20        **I.      BACKGROUND**

21        Plaintiff, who is currently housed at Western State Hospital, has filed a Complaint

22  alleging he has been held at the facility past his court date. Dkt. 1-1 at 4.

23

24

ORDER DECLINING TO SERVE - 1

1

## II.    DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Further, the Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, Plaintiff has filed a § 1983 Complaint on the Court's form, alleging, in its entirety, he has been "held past court date," and "filed papers to [sic] late . . . pass [sic] dedline [sic]." Dkt. 1-1 at 4. These statements alone are nearly indecipherable.

In addition, Plaintiff names as the sole Defendant the Washington State Department of Social and Health Services ("DSHS"), which is an arm of the State of Washington. Section 1983 applies to the actions of "persons" acting under color of state law. 42 U.S.C. § 1983. DSHS, as an arm of the State of Washington, is not a "person" for purposes of a § 1983 action. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the State of Washington and DSHS, as a state agency, cannot be sued under § 1983.

Because "the Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, No. CVF 025809AWILJOP, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005), Plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order.

//

1

### III.     INSTRUCTIONS TO PLAINTIFF AND THE CLERK

2

Due to the deficiencies described above, the Court will not serve Plaintiff's Complaint. If

3    Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint and

4    within the amended complaint, he must write a short, plain statement telling the Court: (1) the

5    constitutional right Plaintiff believes was violated; (2) the name of the person who violated the

6    right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the

7    individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific

8    injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362,

9    371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

10

Plaintiff shall present the amended complaint on the form provided by the Court. The

11   amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same

12   case number, and it may not incorporate any part of the original complaint by reference. The

13   amended complaint will act as a complete substitute for any previously filed complaint, and not as

14   a supplement.

15

The Court will screen the amended complaint to determine whether it contains factual

16   allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not

17   authorize service of the amended complaint on any defendant who is not specifically linked to a

18   violation of Plaintiff's rights.

19

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised

20   herein on or before **September 8, 2023**, the undersigned will recommend dismissal of this action.

21

22

23

24

ORDER DECLINING TO SERVE - 4

1    The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

2    civil rights complaint and for service. The Clerk is also directed to send copies of this Order and

3    Pro Se Instruction Sheet to Plaintiff.

4    Dated this 4th day of August, 2023.

Grady J. Leupold
United States Magistrate Judge

ORDER DECLINING TO SERVE - 5