UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN ANDRE ANDERSON,<br><br>          Plaintiff,<br>   v.<br><br>DEPARTMENT OF SOCIAL & HEALTH SERVICES,<br><br>          Defendant. | CASE NO. 3:23-cv-05624-TMC-GJL<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL AND FOR CONTINUANCE |

Plaintiff Calvin Andre Johnson, who is proceeding *pro se* in this 42 U.S.C. § 1983 action, has filed a Motion to Appoint Counsel and for Continuance. Dkt. 7. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success

on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion, Plaintiff states that he is trying to find legal representation and "find[s] it hard to comprehend the law to the fullest." Dkt. 7 at 1. Also, since filing the instant Motion, Plaintiff has filed an Amended Complaint and supplement. Dkts. 8, 9. Upon review, the Court finds the Motion contains no reasons supporting Plaintiff's need for Court-appointed counsel at this time. Plaintiff has not shown, nor does the Court find, this case involves complex facts or law.

While Plaintiff may be more successful with counsel, "that is 'not the test' for deciding if counsel is warranted because 'any *pro se* litigant certainly would be better served with the assistance of counsel.'" *Capello v. Seling*, 321 F. App'x 614, 616 (9th Cir. 2009) (quoting *Rand*, 113 F.3d at 1525). Further, the proceedings are at a very early stage. Plaintiff's Amended Complaint submitted after the Court's initial screening has not been served. At this stage in the proceedings, the Court finds Plaintiff has not shown he will succeed on the merits of his case. *See Axtle v. Cnty. of Alameda*, No. C 12-6404 YGR (PR), 2013 WL 5979201, at *6 (N.D. Cal. Nov. 8, 2013) (determining the likelihood of success on the merits was premature until after the plaintiff amends his complaint, the complaint is served, and the defendants have an opportunity to file dispositive motions). Finally, the balance of reasons cited by Plaintiff in the instant Motion are issues common to other *pro se* litigants and are not exceptional. Therefore, they do

ORDER DENYING MOTION TO APPOINT COUNSEL AND FOR CONTINUANCE - 2

not warrant the appointment of counsel at this time. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants) (citations omitted).

Plaintiff's Motion to Appoint Counsel and for Continuance (Dkt. 7) is **DENIED without prejudice**.

Dated this 13th day of September, 2023.

Grady J. Leupold
United States Magistrate Judge