1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  CALVIN ANDRE ANDERSON,

11              Plaintiff,                     CASE NO. 3:23-cv-05624-TMC-GJL

12       v.                                    ORDER DECLINING TO SERVE
                                               AND GRANTING LEAVE TO
13  DEPARTMENT OF SOCIAL & HEALTH             AMEND
    SERVICES,

14              Defendant.

15        Plaintiff Calvin Andre Anderson, proceeding *pro se* and *in forma pauperis*, filed this civil

16  rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended

17  Complaint (Dkt. 8) under 28 U.S.C. § 1915A, the Court declines to serve the Amended

18  Complaint but provides Plaintiff leave to file an amended pleading by November 3, 2023, to cure

19  the deficiencies identified herein. However, Plaintiff is warned that, should he fail to cure the

20  deficiencies identified herein with an Amended Complaint, the Court will recommend dismissal

21  of this case.

22  ///

23  ///

24

## I.    BACKGROUND

Plaintiff, who is currently housed at Western State Hospital, filed a Complaint alleging he has been held at the facility past his court date. Dkt. 1-1 at 4. After screening the Complaint pursuant to 28 U.S.C. § 1915A, the Court declined to serve the Complaint, but provided Plaintiff with leave to amend the Complaint by September 8, 2023. *See* Dkt. 5. Specifically, the Court found that the allegations in the Complaint were nearly indecipherable, and that he failed to name a proper Defendant. *See id*.

Plaintiff filed an Amended Complaint on August 18, 2023. Dkt. 8. In the Amended Complaint, Plaintiff's allegations again are unclear. *See id*. In addition to the Amended Complaint, Plaintiff attached multiple documents. *See id*. On August 31, 2023, Plaintiff filed a Supplement, alleging Washington State's Department of Social and Health Services failed to timely transport him to a hospital for restoration treatment. Dkt. 9.

## II.    DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a

1    short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

2    P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

3    Here, Plaintiff has failed to file a short and plain statement of a claim. Instead, Plaintiff

4    has filed a deficient Complaint with multiple attached documents, including a Superior Court

5    Order directing the civil commitment of Plaintiff, Plaintiff's counseled Motion to Dismiss filed

6    in Superior Court, and a Petition for 180 Day Involuntary Treatment filed in Superior Court. *See*

7    Dkt. 8 at 10–31. These documents include details about Plaintiff's civil commitment in

8    Washington State. *See id*. While these documents may serve as evidentiary exhibits in support of

9    Plaintiff's Complaint, they are not a substitute for the Complaint itself.

10   Because "the Court cannot glean what claims for relief might lay hidden in the narration

11   provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide

12   only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220,

13   at *1 (E.D. Cal. May 4, 2005), Plaintiff is ordered to file an amended complaint which complies

14   with Federal Rule of Civil Procedure 8 and this Order.

15       **III.    Instructions to Plaintiff and the Clerk**

16   Due to the deficiencies described above, the Court will not serve Plaintiff's Amended

17   Complaint. If Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended

18   complaint and within the amended complaint, he must write a short, plain statement telling the

19   Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who

20   violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction

21   of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what

22

23

24

specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **November 3, 2023**, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is also directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 4th day of October, 2023.


Grady J. Leupold
United States Magistrate Judge

ORDER DECLINING TO SERVE AND GRANTING LEAVE TO AMEND - 4