UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN ANDRE ANDERSON,

                Plaintiff,

v.

DEPARTMENT OF SOCIAL & HEALTH SERVICES,

                Defendant.

CASE NO. 3:23-cv-05624-TMC-GJL

REPORT AND RECOMMENDATION

Noting Date: March 1, 2024

The District Court has referred this prisoner civil rights action to United States Magistrate Judge Grady J. Leupold. Plaintiff Calvin Andre Anderson has not responded to the Court's Show Cause Order (Dkt. 13) or filed anything in this case since November 2023 (Dkt. 12), which suggests he has abandoned this action. Therefore, the Court recommends that the District Court **DISMISS** Plaintiff's action **without prejudice** for failing to prosecute his case and for not complying with a court order.

                **I.    BACKGROUND**

On July 12, 2023, Plaintiff Calvin Andre Anderson, proceeding *pro so*, filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (Dkt. 1) and a proposed Complaint (Dkt. 1-1).

REPORT AND RECOMMENDATION - 1

After granting the IFP Motion (Dkt. 4), the Court issued an Order declining to serve the proposed Complaint but affording Plaintiff an opportunity to file an amended pleading correcting the deficiencies identified by the Court (Dkt. 5).

Plaintiff filed an Amended Complaint on August 18, 2023. Dkt. 8. On October 4, 2023, the Court again issued an Order declining to serve the Amended Complaint and providing Plaintiff leave to file an amended pleading on or before November 3, 2023. Dkt. 11. In that Order, the Court warned Plaintiff that, should he fail to cure the pleading deficiencies identified by the Court, it would recommend dismissal of this case. *Id*.

On November 8, 2023, Plaintiff filed a Notice updating his current address. Dkt. 12. Plaintiff did not file an amended pleading at that time.

On January 2, 2023, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to prosecute. Dkt. 13. The deadline to show cause has passed and, as of the date of this Report and Recommendation, Plaintiff has not filed an amended pleading or attempted to show cause why his case should not be dismissed.

## II.     DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows a Court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any Court order. *See also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986) ("The district court has the inherent power *sua sponte* to dismiss a case for lack of prosecution.").

Despite being provided ample opportunity to prosecute his claims, Plaintiff has not filed anything in this action since November 2023. Dkt. 12. Moreover, Plaintiff has not complied with the Court's Order directing him to show cause why his case should not be dismissed. *See* Dkt. 13. Therefore, the Court recommends this case be dismissed without prejudice for failure to

REPORT AND RECOMMENDATION - 2

prosecute and for failure to comply with a Court Order. No certificate of appealability shall issue.

### III.    CONCLUSION

This matter should be **DISMISSED without prejudice** and no certificate of appealability should issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **March 1, 2024**, as noted in the caption.

Dated this 12th day of February, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3